United States Bankruptcy Court
Southern District of Texas

**ENTERED**
November 08, 2022
Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

In re:   **CLINT ARLIN CHURCH**   §   **Case No. 22-30914-H4-13**
§   **Chapter 13**

### CHAPTER 13 AGREED ORDER CONDITIONING AUTOMATIC STAY (VEHICLE)
#### (This order resolves docket #39)

1.  This Order concerns the note that is secured by the Debtor's vehicle and that is held, directly or in its capacity as agent for holder, by FREEDOMROAD FINANCIAL "Movant". The vehicle is one (1) 2017 Harley Davidson FLHTK ULT bearing serial number 1HD1KED14HB695578 (the "Property"). Notices sent pursuant to this Order must be sent to P.O. Box 64090, Tucson, AZ 85728-4090 (if to Movant) and to 3600 FM 1488 Rd. #120-252, Conroe, Texas 77384 (if to Debtor).

2.  ***By signing below, the Debtor represent to the Court that the Debtor:***
A.  ***If they are a salaried or wage employee, are currently operating under a wage order or have submitted all information to the Chapter 13 Trustee for the presentation of a wage order to the Court.***
B.  ***If they are not a salaried or wage employee, are currently operating under an automated clearinghouse order or have submitted all information to the Chapter 13 Trustee for the presentation of an automated clearinghouse order to the Court.***

3.  The parties stipulate that unpaid amounts due pre and post-petition total $3,360.24 and that Movant should be awarded attorneys fees and costs in the amount of $538.00 (not to exceed the lesser of $681.00 or the amount of equity in the vehicle), for a total post-petition amount owed of **$3,898.24** (this total is referred to as the Delinquent Payment Amount). The Delinquent Payment Amount will be reduced by any payments previously made by the Debtor that have not been properly credited by Movant. Proof of any such payments must be provided to Movant within 30 days of the date of entry of this Order. **PARTIES HAVE AGREED THAT DEBTOR WILL PAY MOVANT'S 910-CLAIM, $15,958.71, AS FULLY SECURED THROUGH DEBTOR'S CHAPTER 13 PLAN.** Within 30 days of entry of this Order, the Debtor must either (i) pay the Movant the Delinquent Payment Amount; or (ii) file a proposed modification of any confirmed plan or must amend any proposed plan to include the Delinquent Payment Amount, with interest at an annual rate of 5.50%; provided, that if no amount is due, no modification must be filed. If the Debtor is required to file a modification or pay the Delinquent Payment Amount and fails to do either, it is a Final Default under this Order. At the hearing on modification of the plan, the Debtor must be current on all payments to the Chapter 13 Trustee pursuant to the terms of the proposed modification. If the Debtor is not current, it is a Final Default under this Order.

4.  The Debtor must:
A.  Timely make all regular payments concerning the Property, beginning with the next regular payment. Regular payments must be made directly to the Movant (addressed to: P.O. Box 64090, Tucson, AZ 85728-4090) or through the Chapter 13 Trustee, depending on the plan confirmed or proposed in this case.
B.  Maintain insurance on the property and provide continuous proof of insurance to the holder of the note.
C.  Make all payments due to the Chapter 13 Trustee after the date of this Order, with the amount of such payments being made in the amount required under the proposed modification.

D.  Within 14 days of entry of this Order, provide Movant with a certificate of insurance on the vehicle.

5.  If the Debtor fails to comply with paragraph 4 of this Order or make a payment by insufficient check, the Movant must give the Debtor and Debtor's counsel written notice by regular and by certified mail. If the Debtor fails to comply within 14 days of the date that notice was sent, it is a Final Default under this Order. Movant is only required to send two notices of default under this order. If there is a third failure to comply with paragraph 4, it is a Final Default and no further notice of an opportunity to cure must be given.

6.  The automatic stay remains in effect until (i) there is a Final Default under this order; (ii) this case is dismissed; or (iii) the Debtor receives their bankruptcy discharge. If the stay terminates because there is a Final Default, the Movant must file a notice of termination of the automatic stay. The Debtor may challenge any notice of termination by filing a motion to set aside the notice of termination. The motion must be filed within 14 days of the filing of the notice of termination. Pending consideration of the motion by the Court, the Movant may repossess the Property but may not consummate a sale of the Property; provided, any repossession undertaken as a consequence of an erroneous Notice of Termination may subject Movant to damages. Any co-debtor stay terminates at the time that the automatic stay terminates.

7.  If the Court denies approval of a modification proposed by the Debtor, the Court will reconsider Movant's requested relief from the stay. In such an event, Movant should calendar the reconsideration for a hearing on a §362 hearing day after the expiration of 14-days from the date on which approval of the proposed modification is denied.

**SO ORDERED:**

Signed:  November 08, 2022

_____
Christopher Lopez
United States Bankruptcy Judge

AGREED AND ENTRY REQUESTED:

_____
CLINT ARLIN CHURCH, Debtor

LAW OFFICE OF RICK J. DEAL

/s/ *Rick J. Deal*
_____
Debtor's counsel
RICK J. DEAL
State Bar No. 24008596
1110 N. Loop 336 W., Suite 530
Conroe, Texas 77301
(936) 499-5780
(936) 756-3387 facsimile
rjdeal@rjdeal.com

LAWRENCE LAW FIRM

/s/ *Paul R. Lawrence*
_____
Movant's counsel
PAUL R. LAWRENCE
State Bar No. 12050000
112 East 4th Street
Houston, Texas 77007
(713) 864-8000
(713) 864-0179 facsimile
PRL@LBandD.com